IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 14 C 2710 |
| CHICAGO SERVICES OF ILLINOIS LLC VENTURES PLUS, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

PNC Bank, National Association (PNC Bank) has filed a mortgage foreclosure suit against Chicago Services of Illinois LLC Ventures Plus (CSI). Prior to filing its complaint in the present case, PNC Bank sued CSI in Illinois state court for breaching its obligations under a promissory note executed in connection with a certain loan. The state court entered a judgment in PNC Bank's favor.

CSI has moved to dismiss the present suit under Federal Rule of Civil Procedure 12(b)(6) based on claim preclusion. In its reply, CSI alternatively asks the Court to bar PNC Bank from seeking an *in personam* judgment on its foreclosure action, to avoid a double recovery. For the reasons stated below, this Court denies CSI's motion to dismiss but agrees with CSI that PNC Bank cannot obtain a second deficiency judgment on the promissory note.

**Background**

The following facts reflect the allegations in PNC Bank's complaint and the

parties' submissions on the motions to dismiss.  The defendant, CSI, is an Illinois limited liability company whose members are Illinois citizens.  *See* Order of June 12, 2014 (dkt. no. 19).  PNC Bank is a national banking association organized under the laws of Delaware with its principal place of business in Pennsylvania.  It is the successor to National City Bank, which was the successor to Mid America Bank.  The Court has jurisdiction based on diversity of citizenship.

On May 14, 2007, CSI obtained a $640,000 business loan from Mid America Bank.  Kenneth Velez—a member and authorized agent of CSI—executed a promissory note for the loan amount, signing as a personal guarantor.  To secure the loan, Mr. Velez pledged a mortgage on certain property to Mid America Bank.  Eventually, CSI defaulted on the loan, which prompted PNC Bank to sue CSI in state court for breaching its obligations under the promissory note.  The state action also included a claim against Mr. Velez on the guaranty.  PNC Bank filed a motion for summary judgment, which the state court granted on March 14, 2013.  The state court found no genuine issue of material fact on CSI's liability under the promissory note or on Mr. Velez's liability under the personal guaranty.  The court entered a judgment against CSI and Mr. Velez for $759,583.49.  The promissory note required the borrower to pay the lender's reasonable collection costs, including its reasonable attorneys' fees.  Consequently, on April 4, 2013, the state court ordered the defendants to pay PNC Bank's attorneys' fees and expenses, totaling $25,139.09.

On April 15, 2014, PNC Bank filed a complaint against CSI in this Court.  PNC Bank seeks to foreclose the mortgage on the property.  In addition, PNC Bank seeks a personal judgment for a deficiency.  Compl., p. 7, Prayer for Relief (iii).  CSI has moved

to dismiss for failure to state a claim.

## Discussion

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *E.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). To survive the motion, the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Section 15-1504(a) of the Illinois Mortgage Foreclosure Law sets forth the required form for a mortgage foreclosure complaint. 735 ILCS 5/15-1504(a). Section 15-1504(b) describes what a foreclosure complaint must include. 735 ILCS 5/15-1504(b). PNC Bank's complaint satisfies these requirements, and therefore it states a viable legal claim. Indeed, CSI does not challenge the sufficiency of PNC Bank's factual allegations.

Instead, CSI makes two alternative arguments in support of its motion. First, CSI contends that the doctrine of *res judicata*, or claim preclusion, bars PNC Bank from bringing the mortgage foreclosure action after it already obtained a final judgment on the merits in its state court case, which included the same parties and involved the same cause of action. Second, CSI argues that allowing PNC Bank to obtain an *in personam* judgment against CSI on the foreclosure action would result in double recovery, because PNC Bank already obtained a judgment against CSI for breaching its

obligations under the promissory note.

**1.     Claim preclusion**

Claim preclusion, or *res judicata*, bars subsequent litigation between the same parties on a claim after a court renders final judgment on the merits. *Turczak v. First Am. Bank*, 2013 IL App (1st) 121964, ¶ 22, 997 N.E.2d 996, 1000 (2013). It requires: (1) a final judgment on the merits, (2) an identity of the parties or their privies, and (3) an identity of the causes of action. *Id.* ¶ 23. Only the third of these elements is at issue.

In response to CSI's motion to dismiss, PNC Bank argues that claim preclusion does not apply in this case because a mortgage foreclosure action is an *in rem* proceeding, whereas an action for breach of a promissory note is an *in personam* proceeding. Thus, PNC Bank argues, the two cases involve different claims and do not stem from the same cause of action. A proceeding *in personam* seeks a judgment against a specific individual or entity. *Id.* ¶ 33. "A proceeding *in rem* is . . . taken directly against property or . . . is brought to enforce a right in the thing itself." *ABN AMRO Mortg. Grp., Inc. v. McGahan*, 237 Ill. 2d 526, 532, 931 N.E.2d 1190, 1195 (2010).

CSI concedes that claim preclusion would not bar PNC Bank from pursuing an *in rem* mortgage foreclosure lawsuit. CSI asserts, however, that a mortgage foreclosure suits is not an *in rem* proceeding but rather is a *quasi in rem* proceeding—a proceeding "brought against the defendant personally, with jurisdiction based on an interest in property." *Id.* at 533, 931 N.E.2d at 1195. CSI is correct. "[A] mortgage foreclosure suit is [in fact] a *quasi in rem* [proceeding] . . . because it involves both an action against real property as well as a monetary claim for personal liability." *Turczak*, 2013 IL App (1st)

121964, ¶ 33, 997 N.E.2d at 1001 (citing *ABN AMRO Mortg. Group*, 237 Ill. 2d at 538, N.E.2d at 1198).

The difference between *in rem* and *quasi in rem* proceedings, however, is immaterial to whether PNC Bank may bring this foreclosure action. Specifically, characterizing a mortgage foreclosure suit as *quasi in rem*, as opposed to *in rem*, "does not alter [a mortgagee's] ability to bring a separate suit on the promissory note." *Id*. Further, Illinois law permits the mortgagee, upon default, to proceed on the separate actions—the foreclosure action and the breach of note action—either consecutively or concurrently. *Id*. ¶ 31, 997 N.E.2d at 1001 (citing *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237, 241, 811 N.E.2d 286, 289-90 (2004)).

Accordingly, CSI has not shown that claim preclusion bars PNC Bank's mortgage foreclosure action.

**2.      Double recovery**

In its reply, CSI argues that, to avoid a double recovery, this Court should dismiss (actually, strike) PNC Bank's request for an *in personam* money judgment. Although, as the Court has indicated, PNC Bank may sue separately on both the note and the mortgage, it may obtain only one satisfaction. *Skach v. Lydon*, 16 Ill. App. 3d 610, 614, 306 N.E.2d 482, 485 (1973).

This does not mean, however, that the Court should strike PNC Bank's request for an *in personam* judgment. To ensure that PNC does not obtain a double recovery, this Court will adhere to the procedure set forth in the Illinois Mortgage Foreclosure Law (IMFL). The IMFL provides that upon entering a foreclosure judgment, the property may be sold once the periods for reinstatement and redemption have expired, if applicable.

735 ILCS 5/15-1507.  Following the sale, the person who conducted it makes a report to the court.  *Id.* 15-1508(a).  Then, upon filing of an appropriate motion, the court holds a hearing to confirm the sale.  *Id.* 15-1508(b).  The court's order confirming the sale may also "approve the mortgagee's fees and costs arising between the entry of the judgment of foreclosure and the confirmation hearing" if allowed under the note and mortgage and may "provide for a personal judgment against any party for a deficiency" due under the note.  *Id.* 15-1508(b)(1) & (2).  The court's judgment may include "a personal judgment for deficiency against any party (i) if otherwise authorized and (ii) to the extent requested in the complaint and proven upon presentation of the report of sale."  *Id.* 15-1508(e).

Where the mortgagee has obtained a judgment in its favor on the underlying note before obtaining a deficiency judgment in the foreclosure proceeding—as PNC Bank did here—the first judgment merges with the second.  *McDonald v. Culhane*, 303 Ill. App. 101, 103, 24 N.E.2d 737, 738 (1940).  Entry of a second deficiency judgment is precluded by the earlier judgment.  *See Bank of Chicago/Lakeshore v. Menaldi*, No. 91 C 2039, 1993 U.S. Dist. LEXIS 15097, *3 (N.D. Ill. Oct. 22, 1993) (noting that "[i]f the [state] court awarded [the lender] a personal deficiency judgment [in an earlier foreclosure action], then [the lender's] claim [seeking a personal deficiency on a note was], indeed, *res judicata*").  In other words, PNC Bank cannot recover twice on the same debt.  Entry of a further deficiency judgment is therefore not "authorized" within the meaning of section 15-1508(e).  The only monetary award that PNC Bank will be entitled to recover if it obtains a judgment is for its costs and expenses associated with the foreclosure proceeding and sale, which the state court judgment does not include.

**Conclusion**

For the reasons stated above, this Court denies defendant's motion to dismiss [dkt. no. 15] but rules that plaintiff may not obtain a second deficiency judgment regarding the amount due on the underlying promissory note. Defendant is directed to answer the complaint by no later than September 29, 2014. The case remains set for a status hearing on September 24, 2014 at 9:30 a.m. for the purpose of setting a schedule for further proceedings.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 15, 2014