**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PNC Bank, National Association, successor to | ) | |
| National City Bank, Successor to Mid American | ) | |
| Bank, fsb | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-02710 |
| | ) | |
| Chicago Services of Illinois LLC Ventures Plus | ) | Judge: Matthew F. Kennelly |
| an Illinois Limited Liability Company | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT' S ANSWER TO PLAINTIFF'S COMPLAINT TO FORECLOSE**

**MORTGAGE**

NOW COMES Defendant, Chicago Services of Illinois LLC Ventures Plus ("Defendant"), by and through their attorneys, FISH LAW GROUP LLC, and now answers Plaintiff PNC Bank, National Association ("Plaintiff") Complaint to Foreclose Mortgage ("Complaint"). In support thereof, Defendant states as follows:

1.      This Court has original subject matter jurisdiction in the above-captioned cause pursuant to 28 U.S.C. §1332(a) because the matter in controversy is between citizens of different states and the damages claimed exceed the sum of $75,000 exclusive of interest and costs.

**ANSWER:** Paragraph one (1) of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

2.       This Court has personal jurisdiction over the defendant pursuant to 735 ILCS 5/2-209(a) and (b).

**ANSWER:** Paragraph two (2) of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

**ANSWER:** Paragraph three (3) of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

4.      PNC Bank is a national banking association, the main office of which is located in the State of Pennsylvania and organized under the laws of the State of Delaware. On November 6, 2009, the Comptroller of Currency certified the merger of National City Bank and PNC Bank. Effective February 9, 2008, Mid America Bank, fsb merged with and into National City Bank. A true and correct copy of the Certificate detailing the bank succession is attached hereto as Exhibit A and by express reference made a part hereof.

**ANSWER:** Paragraph four (4) of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

5.      Chicago Services is an Illinois limited liability company with its principal place of business located at 1621 N. Lawndale Avenue, Chicago, Illinois 60647. Each of the members of Chicago Services are residents of the State of Illinois

**ANSWER:** Defendant admits the allegations contained in paragraph five (5) of the Complaint.

6.      On or about May 14, 2007, Kenneth Velez ("Velez") a member and authorized agent of Chicago Services executed a Promissory Note in favor of Mid America Bank, fsb ("Mid America"), in the original principal amount of $640,000.00 (the "Note"). A true and correct copy of the Note is attached hereto and made a part hereof as Exhibit B .

**ANSWER:** Defendant admits the allegations contained in paragraph six (6), of the Complaint.

2

7.      To secure the indebtedness of the Note on or about May 14, 2007, Velez a member and authorized agent of Chicago Services executed a Mortgage in favor of Mid America (the "Mortgage"). The Mortgage pledged to Mid America the property commonly known as 635-37 North Springfield Ave, Chicago, Illinois 60624 (the "Property") and was recorded with the Cook County Recorder of Deeds Office on May 24, 2007 as document number 0714426035. A true and correct copy of the Mortgage is attached hereto as Exhibit C and by express reference made a part hereof.

**ANSWER:**  Defendant admits the allegations contained in paragraph seven (7), of the Complaint.

8.      On or about January 21, 2010, PNC filed a Complaint at Law in the Circuit Court of Cook County, Illinois, in the action styled PNC Bank, National Association, successor to National City Bank successor to mid America Bank, fsb v. Chicago Services of Illinois LLC Ventures Plus, et al., Case No. 10 L 013737 (the "Litigation"), seeking a judgment against Chicago Services for breach of its obligations under the Note.

A**NSWER:**  Defendant admits the allegations contained in paragraph eight (8) of Plaintiff's Complaint.

9.      On March 14, 2013, the Circuit Court granted PNC's Motion for Summary Judgment pursuant to Chicago Services' breach of its obligations under the Note, entered a Judgment Order in favor of PNC ("Judgment-1") and against Chicago Services and Mr. Velez in the amount of $759,583.49. A true and correct copy of Judgment-1 is attached hereto and made a part hereof as Exhibit D.

A**NSWER:**  Defendant admits the allegations contained in paragraph nine (9) of Plaintiff's Complaint.

3

10.    On April 4, 2013, the Circuit Court granted PNC's attorneys fees and entered an Order in favor of PNC ("Judgment- 2")(Judgment-1 and Judgment-2 are collectively the "Judgments") and against Chicago Services in the amount of $25,139.09. A true and correct copy of Judgment-2 is attached hereto and made a part hereof as Exhibit E.

**ANSWER:**  Defendant admits the allegations contained in paragraph ten (10) of the Complaint.

11.    Pursuant to the terms of the Mortgage, the entry of the Judgments constitutes a default under the Mortgage.

**ANSWER:**  Defendant denies the allegations contained in paragraph eleven (11) of the Complaint.

12.    Plaintiff realleges and incorporates by reference paragraphs 1-11 above as paragraph 12 of Count I as if fully set forth herein.

**ANSWER:**  Defendant realleges and incorporates by reference responses to paragraphs 1-11 above as response to paragraph 12 of Count I as if fully set forth herein.

13.    Plaintiff files Count I of this Complaint pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the mortgage hereinafter described and joins the following entity as defendant: Chicago Services of Illinois LLC Ventures Plus.

**ANSWER:**  Paragraph thirteen (13) of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given

14.     Information concerning the Mortgage:

a.    Nature of instrument: Mortgage

**ANSWER:**  Defendant admits the allegations contained in paragraph fourteen (14), subsection (a), of the Complaint.

b.      Date of Mortgage: May 14, 2007

**ANSWER:**  Defendant admits the allegations contained in paragraph fourteen (14), subsection (b), of the Complaint.

c.      Name of Mortgagor(s): Chicago Services of Illinois LLC Ventures Plus, an Illinois Limited Liability Company

**ANSWER:**  Defendant admits the allegations contained in paragraph fourteen (14), subsection (c), of the Complaint.

d.      Name of Mortgagee: Mid America Bank, fsb

**ANSWER:**  Defendant admits the allegations contained in paragraph fourteen (14), subsection (d), of the Complaint.

e.      Date and Place of Recording: May 24, 2007 in the Office of the Cook County Recorder

**ANSWER:**  Defendant admits the allegations contained in paragraph fourteen (14), subsection (e), of the Complaint.

f.      Identification of Recording: No. 0714426035

**ANSWER:**  Defendant admits the allegations contained in paragraph fourteen (14), subsection (f), of the Complaint.

g.      Interest Subject to Mortgage: Fee Simple

**ANSWER:**  Defendant admits the allegations contained in paragraph fourteen (14), subsection (g), of the Complaint.

h.      Amount of original indebtedness, including subsequent advances made under Mortgage:

$640,000.00

5

**ANSWER:** Defendant admits the allegations contained in paragraph fourteen (14), subsection (h), of the Complaint.

i.     Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

Legal description:

LOTS 15 AND 16 IN SUBDIVISION OF BLOCK 7 IN HARDINGS SUBDIVISION OF THE WEST ½ OF THE NORTHWEST 1/4 OF SECTION 11, TOWNSHIP 39 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

Common address:

635-37 North Springfield Ave, Chicago, Illinois 60624
P.I.N. 16-11-112-015-0000

**ANSWER:** Defendant admits the allegations contained in paragraph fourteen (14), subsection (i), of the Complaint.

j.     Statement as to defaults, including, but not necessarily limited to, date of default, current unpaid principal balance, per diem interest accruing, and any other information concerning the default:

1. Defendant/Mortgagor, Chicago Services was found by the Circuit Court of Cook County to be in default under the terms of the Note per the Judgments.

2. The current unpaid principal balance due under the Judgment totals $759,583.49.

3. The total amount now due is $857,580.05 as of April 7, 2014, plus interest and late charges accrued thereafter, court costs, title costs, and plaintiff's attorneys fees.

4. The per diem interest accruing under the Judgment after default is $187.29 (statutory 9%).

**ANSWER:** Defendant admits the allegations contained in paragraph fourteen (14), subsection (j1), (j2), and j4) of the Complaint. Defendant denies the allegations contained in paragraph fourteen (14), subsection (j3) of the Complaint.

k.      Name of present owner(s) of the real estate:

Chicago Services of Illinois LLC Ventures Plus, an Illinois Limited Liability Company

**ANSWER:** Defendant admits the allegations contained in paragraph fourteen (14), subsection (k), of the Complaint.

l.      Names of other persons who are joined as Defendants and whose interest or lien on the mortgaged real estate are sought to be terminated: None

**ANSWER:** Defendant admits the allegations contained in paragraph fourteen (14), subsection (l), of the Complaint.

m.      Names of Defendant claimed to be personally liable for deficiency, if any:

Chicago Services of Illinois LLC Ventures Plus

**ANSWER:** Paragraph fourteen (14), subsection (m), of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

n. Capacity in which Plaintiff brings this foreclosure: As the Judgment Creditor under the Judgment and the owner and legal holder of the Mortgage.

**ANSWER:** Paragraph fourteen (14), subsection (n), of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

o. Facts in support of shortened redemption period, if sought:

See paragraph 3(p), infra.

**ANSWER:** Paragraph fourteen (14), subsection (o), of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

7

p. Statement that the right of redemption has been waived by all owners of redemption, if applicable:

The mortgagor has waived its right of redemption at page 11 of the Mortgage. See, Exhibit C, Mortgage.

**ANSWER:** Paragraph fourteen (14), subsection (p), of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

q. Facts in support of request for attorneys' fees and of costs and expenses, if applicable:

Plaintiff has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses that should be added to the balance secured by said Mortgage and Guaranty.

**ANSWER:** Paragraph fourteen (14), subsection (q), of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

r. Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought:

Mortgagee does not seek possession of the mortgaged real estate by this Complaint. Mortgagee will bring an appropriate motion before the Court in the above captioned litigation if Mortgagee elects to seek possession of the mortgaged Property.

**ANSWER:** Paragraph fourteen (14), subsection (r), of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

s. Plaintiff does NOT offer to the Mortgagor in accordance with 735 ILCS 5/15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale.

**ANSWER:** Paragraph fourteen (14), subsection (s), of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

t. Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

See subparagraph l., supra.

**ANSWER:** Paragraph fourteen (14), subsection (t), of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

u. In accordance with 735 ILCS 5/15-1506(2)(f) Plaintiff seeks the appointment of a licensed auctioneer for the purpose of selling the real estate at public auction.

**ANSWER:** Paragraph fourteen (14), subsection (u), of Plaintiff's Complaint consists only of legal conclusions to which a response is neither required nor given.

WHEREFORE, Defendant Chicago Services of Illinois LLC Ventures Plus requests that this honorable Court dismiss Plaintiff's Complaint to Foreclose Mortgage with prejudice and for any and all relief as is just and equitable.

> Chicago Services of Illinois LLC Ventures Plus
> Defendant Herein
>
> By: /s/ Douglas Miller__
>     One of Their Attorneys

Douglas Miller, Esq.
Fish Law Group LLC
309 W. Washington Street, Suite 700
Chicago, IL 60606
Phone: (773) 327-3474
Fax:    (773) 327-2759